UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KENNETH ENG,                                      :
                                                  :
                        Plaintiff,                :
                                                  :         **MEMORANDUM & ORDER**
        -against-                                 :
                                                  :         14-cv-1501 (ENV) (LB)
OFFICER AISHA DIXON; OFFICER                      :
ADUCCI; UNKNOWN POLICE CAPTAIN,                   :
and UNKNOWN GOVERNMENT AGENCY                     :
                                                  :
                        Defendants.               :
------------------------------------------------------------x

**VITALIANO, D.J.,**

Plaintiff Kenneth Eng, proceeding *pro se*, filed this action on March 4, 2014. Plaintiff alleges violations of his First Amendment rights, as well as "the laws against threats and intimidation (in particular harassment)." The Court liberally construes plaintiff's complaint as brought pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. For the reasons discussed below, the action is dismissed as time-barred and for failure to state a claim upon which relief may be granted.

## Background

Eng, who describes himself as an "Asian Supremacist and devout racist," alleges that, on February 23, 2011, he was "confronted" by Officer Dixon, a New York City police officer, on the subway. (Compl. ¶ 3.) Officer Dixon accused Eng of assaulting a woman seventh months prior, and she and another officer directed Eng off the train. (*Id.*) The officers took Eng to a police station, where, he alleges,

1

they, along with yet a third officer, named Aducci, shouted at and threatened his mother, and handcuffed him tightly. (*Id.*) Eng also alleges that Officer Dixon shouted at him after she learned that he was formerly convicted of a hate crime.[1] (*Id.*) Eventually, Eng was arrested. (*Id.*)

Eng questions why it took the police seven months after the alleged assault to arrest him. It is his "belief that the NSA or an unknown government organization has been sent to, for lack of a better phrase, 'toy with [him].'" *Id.* He seeks monetary damages from each defendant, as well as an order directing Officer Dixon to pay $2,000,000 to an Asian rights organization.

## Standard of Review

A civil action complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule does not require a plaintiff to provide "detailed factual allegations" in support of his claims in order to survive a motion to dismiss, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009). Indeed, mere conclusory allegations or "naked assertions" will not survive a motion to dismiss without at least some "further factual enhancement" providing substance

---

[1] On June 4, 2008, Eng pleaded guilty to the misdemeanor of knowingly and willfully injuring, intimidating, and interfering with another person, in order to intimidate that person from participating in and enjoying, without discrimination on account of race and color, the benefits of educational programs and activities at New York University, in violation of 18 U.S.C. § 245(b)(4)(A). On July 28, 2008, he was sentenced to five years' probation. *United States v. Eng*, 08-cr-00066 (E.D.N.Y).

2

to the claims alleged. *Twombly*, 550 U.S. at 557.

When a plaintiff proceeds without legal representation, the court must regard that plaintiff's complaint in a more liberal light, affording his pleadings the strongest interpretation possible. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 471 (2d Cir. 2006) (per curiam). Even so, the Court must dismiss an *in forma pauperis* complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

In order to maintain a § 1983 claim, a plaintiff must allege conduct that (1) was committed by a person acting under color of state law, and (2) deprived him of rights, privileges or immunities secured by the Constitution or laws of the United States. *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994).

Next, in order to show a violation of the First Amendment, as Eng claims here, a private citizen must demonstrate that: "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." *Curley v. Village of Suffern,* 268 F.3d 65, 73 (2d Cir. 2001). Although Eng asserts that his First Amendment rights were violated, he fails to allege any facts in support of his claim. Eng never alleges that he

exercised any First Amendment right, nor that defendants took any action in response to such an exercise, nor that his actions have been chilled as a result.  As such, this claim is dismissed for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  Furthermore, as discussed further below, any claim would be time-barred.

Construing liberally, the Court also reads the complaint to assert a claim for false arrest, based on his February 23, 2011 arrest.  "To establish a claim under § 1983 for false arrest a plaintiff must show that: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged (i.e., the arrest was not supported by probable cause)."  *Betts v. Shearman*, No. 12 Civ. 3195, 2013 WL 311124, at *5 (S.D.N.Y. Jan. 24, 2013) (quotation omitted).  "There can be no federal civil rights claim for false arrest where the arresting officer had probable cause."  *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995).  Although the facts as alleged indicate that the officers had probable cause to arrest Eng, the Court need not evaluate whether Eng's complaint states a claim for false arrest, as the claim is time-barred.

"In section 1983 actions, the applicable limitations period is found in the 'general or residual [state] statute [of limitations] for personal injury actions,'" *Ormiston v. Nelson*, 117 F.3d 69, 71 (2d Cir. 1997) (quoting *Owens v. Okure,* 488 U.S. 235, 249–50 (1989)), which in New York is three years.  N.Y. C.P.L.R. § 214(5)

("CPLR"). The accrual date of a § 1983 cause of action is a question of federal law, *Wallace v. Kato*, 549 U.S. 384, 388 (2007), which provides that a claim accrues "when the plaintiff knows or has reason to know of the harm." *Connolly v. McCall,* 254 F.3d 36, 41 (2d Cir. 2001) (quoting *Eagleston v. Guido,* 41 F.3d 865, 871 (2d Cir. 1994)). In this case, that is the date that Eng was arrested. *See Lont v. Roberts*, No. 12-CV-4960, 2013 WL 1810759, at *2 (E.D.N.Y. Apr. 26, 2013) (false arrest claim accrued on date of arrest); *Crichlow v. Butchen*, 09-CV-4398, 2009 WL 4266711, at *3 (E.D.N.Y. Nov. 20, 2009) (same); *see also Wallace*, 549 U.S. at 397 (false arrest claim accrues when "the claimant becomes detained pursuant to legal process.")

Eng alleges that he was arrested on February 23, 2011. He filed the complaint on March 4, 2014, more than three years after the cause of action accrued, and, thus, the claim is time-barred. Indeed, Eng acknowledges in the complaint that his claim is late, but seeks to excuse this on the ground that he "was under house arrest for a very long time, and [he] was concerned about filing a lawsuit while [he] was under probation due to potential retaliation." (Compl. ¶ 3.) The Court will consider this to be an argument that equitable tolling should apply to plaintiff's claim.[2]

Under federal law, equitable tolling may be available "as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his

---

[2] Eng does not plead any toll for infancy or insanity, and none appears to be available. *See* N.Y. C.P.L.R. 208.

rights." *Pearl v. City of Long Beach*, 296 F.3d 76, 85 (2d Cir. 2002) (internal quotation omitted); *see also Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) ("[E]quitable tolling is only appropriate in rare and exceptional circumstances . . .") (internal quotations and alterations omitted). Such circumstances do not exist here. Eng's probation ended on July 25, 2013, more than seven months before he filed, and while his claim would still have been timely. Indeed, Eng filed a separate action in this Court against his probation officers on August 23, 2013, so he was clearly not overly concerned with retaliation by that point. *See Eng v. Carter et al.*, 13-cv-4855, 2013 WL 6178157 (Nov. 25, 2013) (dismissing case *sua sponte* and noting that Eng's term of probation ended on July 25, 2013). By dint of these uncontestable facts, plaintiff's argument that he was too intimidated to file on time rings hollow.

Whereas, ordinarily, the Court would allow a plaintiff an opportunity to amend his complaint, *see Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000), it need not afford that opportunity here since it is clear from plaintiff's submissions that there is no possibility of a plausible § 1983 claim against these defendants. Put another way, any attempt to amend the complaint would be futile. *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend a *pro se* complaint where amendment would be futile).

## Conclusion

For the foregoing reasons, the complaint is dismissed with prejudice. 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that

any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
     May 5, 2014

                                                /s/
                                        ERIC N. VITALIANO
                                        United States District Judge